# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE M. HALLEY, *as Durable Power of Attorney on behalf of Loretta Davis*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:22-cv-00198-MTS ) |
| WINDSOR ESTATES OF ST. CHARLES SNAL LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  The Court finds that Plaintiff's Complaint, Doc. [1], has not established the Court's subject-matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").  Plaintiff purports that this Court has diversity jurisdiction in this case under 28 U.S.C. § 1332(a)(1).  Doc. [1] ¶ 10.  In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from Defendant, meaning they cannot be citizens of the same state.  *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

Plaintiff failed to plead facts that establish the parties' citizenship.  First, Plaintiff is completely silent on his or her citizenship.  *See Ins. Mgmt. Corp. v. Arkansas Gen. Agency, Inc.*, 149 F.3d 794, 797 (8th Cir. 1998) (holding citizenship of the real party in interest controls for jurisdictional purposes).  Second, for Defendant, a limited liability company, Plaintiff pleads only that the members of Defendant "are residents of Illinois."  Doc. [1] ¶ 5; *see also See GMAC*

*Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding, for diversity jurisdiction purposes, an LLC's citizenship is the citizenship of all its members).  But alleging that they are "residents" of a state is insufficient to establish their citizenship.  *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state."); *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

The Court will provide Plaintiff fourteen (14) days in which to file an Amended Complaint to establish that this Court has subject-matter jurisdiction over this matter.  *See* 28 U.S.C. § 1653.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an Amended Complaint that properly establishes the Court's subject-matter jurisdiction within fourteen (14) days of the date of this Memorandum and Order.

Dated this 23rd day of February, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE