# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE M. HALLEY, *as Durable Power of Attorney on behalf of Loretta Davis*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:22-cv-00198-MTS<br>) |
| WINDSOR ESTATES OF ST. CHARLES SNAL LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court finds that Plaintiff's Amended Complaint, Doc. [6], *still* has not established the Court's subject-matter jurisdiction. The Court previously allowed Plaintiff to amend the Complaint based on a failure to prove diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Doc. [4]. There, the Court explained that Plaintiff failed to plead facts that establish the parties' citizenship because Plaintiff's Complaint stated only that the members of Defendant "are residents of Illinois."[1] *Id.* In the Amended Complaint, Plaintiff *again* states that the members of Defendant are "*residents* of Illinois." Doc. [6] ¶¶ 8–9 (emphasis added). The Court reiterates that alleging parties are "residents" of a state is *insufficient to establish their citizenship. Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state."); *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of

---

[1] The Court also noted Plaintiff failed to establish Plaintiff's own citizenship in the Complaint, Doc. [4], and the Court notes Plaintiff properly cured that defect in the Amended Complaint. *See* Doc. [6] ¶ 3.

jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed"). The Court will provide Plaintiff seven (7) days in which to file a Second Amended Complaint to establish that this Court has subject-matter jurisdiction over this matter. *See* 28 U.S.C. § 1653.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a Second Amended Complaint that properly establishes the Court's subject-matter jurisdiction within seven (7) days of the date of this Memorandum and Order.

Dated this 4th day of March, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE